**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

Lyle W. Cayce
Clerk

No. 10-50138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SALDIVAR-SANCHEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-668-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Saldivar-Sanchez (Saldivar) appeals the sentence of 24 months of imprisonment and three years of supervised release imposed on revocation of the term of supervised release that he was serving in connection with his conviction for possession of cocaine. We affirm.

Saldivar maintains that his revocation sentence must be vacated as being either unreasonable or plainly unreasonable. He contends that the sentence was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

longer than necessary to satisfy the requirements of 18 U.S.C § 3553(a).  Citing § 3553(a)(1), Saldivar contends that the district court failed to give adequate consideration to the nature and circumstances of his supervised release violations.  More specifically, he suggests that the district court did not consider the fact that the offense that served as one of his violations—illegal reentry into the United States—itself drew a 57-month prison term on the same day that his revocation sentence was imposed.  He does not contend that the district court failed to consider any other § 3553(a) factors or otherwise erred.

After *United States v. Booker*, 543 U.S. 220 (2005), it is unclear whether the validity of a revocation sentence turns on whether it is held to be reasonable or to be plainly unreasonable.  *See United States v. Davis*, 602 F.3d 643, 647 n.5 (5th Cir. 2010).  In Saldivar's case, however, review is for plain error only, since Saldivar did not present to the district court the objection that he now makes to his sentence.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).  To meet this standard of review, Saldivar must first show a forfeited error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  He must then show that the error is clear or obvious and that it affects his substantial rights.  *See id.*  If Saldivar makes all of these showings, we have the discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

On revocation of supervised release, a district court may impose any sentence that falls within the statutory maximum term, but must consider the Sentencing Guidelines' policy statements, *see* U.S.S.G. Ch.7, Pt.B, and the factors enumerated in § 3553(a) before it does so.  *Davis*, 602 F.3d at 646.  Saldivar does not dispute that his sentence was below the statutory maximum of three years imposable on the revocation of his supervised release.  Instead, he contends that his sentence deviated too far above the policy statements range of four to ten months.  We reject that contention.  As we have previously observed, we have routinely affirmed revocation sentences above the advisory policy range

No. 10-50138

but within the statutory maximum. *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

The district court was fully aware that it had also imposed a separate, 57-month sentence in connection with Saldivar's illegal reentry offense. The district court expressed its concern about Saldivar's "history of drugs" and convictions for firearm offenses. Clearly, in the district court's view the nature and circumstances of the supervised release violation, which involved violent and recidivist behavior, required a harsher sentence than was advised by the guidelines policy statements. Saldivar has not shown that the district court committed any error, much less error that is plain. *See Jones*, 484 F.3d at 792. Because Saldivar has not satisfied even the first prong of plain error review, the district court's judgment must stand. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.